Judge Owsley
delivered the opinion of the court.
This was an action of detinue, brought by the appellee in the court below, to recover from the appellant a negra -woman and her child.
The appellee, asserted her right under a gift from her father, James Jinnings; but the appellant claiming under a certain William Gibson, introduced, on the trial in the court below, the record of a judgment in favour, of a certain Harrison against the said James Jinnings, and proved, that Gibson purchased the negro at a sheriff’s sale, made under the execution which issued upon the judgment.
To repel this evidence, and for the purpose (as stated hy the appellees) of shewing (in connection with other circumstances) that flie judgment against James Jinnings was fraudulently obtained, the appellee then introduced evidence, proving that the demand upon which the judgment was recovered, had, before the gift to the appellee, been paid off by Gibson, for whose benefit the suit was carried on, and tile judgment recovered in the name of Harrison; but to this evidence the appellant objected, and his objections being overruled, a verdict and judgment, was obtained by the appellee. Whether, therefore, the evidence was admissible, is the first question presented for determination.
We are of opinion that the evidence was properly admitted. The gift of the appellee, although it might he avoided by the creditors and purchasers of James Jinnings, is *180 certainly valid, not only as to Jinnings, but all volunteer^ wider bins. To repel the appellee’s right to the slaves, derived under the gift from James Jinnings, it was, therefore, incumbent upon the appellant, not only to prove, that his. vendor purchased the slaves under a fieri facias, which issued against James Jinnings, but for the purpose of proving the sale was-made for the benefit of Jennings’ creditor, the. judgment upon which the execution issued w.as properly introduced. But as the appellee was neither party nor privy ⅛0 pidgment, to make it conclusive against him, would, accord with the dictates of common justice, arid subvert a fundamental rule of evidence. For if, after the de-maud upon Jinnings was satisfied, the judgment, through ^ie instrumentality of Gibson, was fraudulently obtained, it is plain that Gibson cannot have gained such an interest in the slaves, under his purchase from the sheriff, as can entitle him to defeat the gift to the appellee, and if so, the' appellant claiming through him can be in no better situation. To shew, therefore, that the demand upon Jinnings was Satisfied, and thereby, in connection with other circumstances, to profe the judgment was fraudulently obtained, against him,, the court below properly admitted the evi-deuce introduced by the appellee.
Re. B. Hardin for appellant, LUtell and Wicklijf?, for appel-
. A judgment only between parties and pnvies — a impeach it.ay
A plaintiff ma ’ Release thejudgment for the value, f.na proceed cific property.
After the jury had found the negroes for the appellee, and. assessed their separate values, the appellee released all claim’ to the value, insisting upon her right to proceed for jjle neoroes, and the court below being of (minion site had a right to do so, rendered judgment in her favor for the ne-groes, and the only remaining question which we deem material to-be noticed, involves the propriety of rendering such a judgment. . ' ' ‘ ’
- in our researches upon this subject, we have been unable to find any authority directly in point, but we are unable, upon principle, to discern any solid objection against the judgment. By the finding of the jury, the appellee is shewn to be entitled to the negroes, and as, by the surrender of the negroes, the appellant, if no release bad been given,' might have avoided :a recovery of their value, no reason is perceived why, bv a release of the value, the right to recover the negroes should be defeated.
'The judgment must be affirmed with cost.